UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CNF Inc., | No. C-05-04083 SC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| THECNF.COM, | |
| Defendant. | |

**I. INTRODUCTION**

Plaintiff CNF, Inc. ("Plaintiff" or "CNF") brought this in rem action under the Anti-Cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d), against THECNF.COM ("Defendant"). Presently before the Court is Plaintiff's Motion for Entry of Default Judgment. For the reasons stated herein, the Court DENIES Plaintiff's Motion.

**II. BACKGROUND**

On October 11, 2005, Plaintiff filed an in rem trademark infringement action under the ACPA, 15 U.S.C. § 1125(d)(2), against Defendant in federal court. See Compl., Docket No. 1. Plaintiff claims to have properly served Defendant with a summons and the Complaint on February 8, 2006. See Docket No. 15. Plaintiff then filed a request for Clerk's Entry of Default. See

Docket No. 23. As a result, on July 28, 2006, the Clerk of the Court entered default against Defendant. See Docket No. 25. Plaintiff then filed its Motion for Entry of Default Judgment. See Docket No. 30. Defendant has not responded to any of Plaintiff's communications or court filings.

**III. LEGAL STANDARD**

When evaluating a motion for default judgment, the Court must "access the adequacy of service of process on the party against whom default is requested." Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). For an in rem action, service of process is the mechanism by which the court acquires the power over the defendant res to enforce a judgment against it. United States v. 2,164 Watches, 366 F.3d 767, 771 (9th Cir. 2004). Improper or insufficient service of process "leaves the court without jurisdiction over the 'defendant' (i.e. the object in dispute)." Id. (internal quotations omitted). Failed service cannot support the entry of a default judgment, even if the defendant has actual notice of the action, because the court has not yet acquired jurisdiction. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992).

**IV. DISCUSSION**

This case is an in rem action for ownership rights in a domain name pursuant to the ACPA. To proceed with an in rem action under the statute, Plaintiff must meet the numerous

2

statutory requirements of § 1125(d):

> (2)(A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
> (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and
> (ii) the court finds that the owner--
> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by--
> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
> (bb) publishing notice of the action as the court may direct promptly after filing the action.
> (B) The actions under subparagraph (A)(ii) shall constitute service of process.

**A.   Attempted Service of Process**

As a threshold matter, under § 1125(d)(2)(A)(ii)(I) and (II), Plaintiff "must convince the court that in personam jurisdiction over a person is unavailable before an ACPA in rem action may proceed." Porsche Cars North America, Inc. v. Porsche.net, 302 F.3d 248, 255 (4th Cir. 2002). To accomplish this, Plaintiff must make reasonable efforts to alert potential defendants of the pending legal action. From a review of the record, the only contact between Plaintiff and Speedy Web, the registrant of THECNF.COM, consists of a written letter and e-mail sent in August of 2005. Compl. at ¶¶ 14-15, Ex. C and D. Though Plaintiff claims to have served Defendant with the summons and Complaint, and may have done so via e-mail, the physical address on the

3

Certificate of Service is different from that given in the Complaint and Exhibit A.  Plaintiff's Complaint states:

> The records of the domain name registrar for THECNF.COM domain name identify the Registrant of the THECNF.COM domain name as Speedy Web, with an address at Eight Thirty Eight Camp Street, 4th Floor, New Orleans, Louisiana 70130 and an e-mail address at speedyweb@yeaweb.com.  Compl. at ¶ 2.

When Plaintiff notified Defendant via U.S. mail and e-mail of its intent to litigate, it used the above addresses.  See Compl., Ex. C and D.  However, when Plaintiff attempted to serve Defendant with a copy of the summons and Complaint, the documents were sent to "650 Poydras Street, Suite 1150, New Orleans, Louisiana 70130."  Docket No. 15 at 2, 5.  According to Plaintiff's Complaint, this address is for the domain name registrar, Intercosmos Media Group, Inc. d/b/a directNIC.com.  See Compl. at ¶ 3.  Plaintiff should have served the Complaint on the Registrant, Speedy Web, not on the Domain Name Registrar, Intercosmos.  Because Plaintiff mailed the Complaint to the wrong address, the Court finds that Plaintiff has failed to take sufficient steps to notify the appropriate parties of the pending litigation.  With actual knowledge of the name and address of the entity which registered THECNF.COM, Plaintiff should have been able to serve Speedy Web properly.  As a result, Plaintiff has failed to present convincing evidence that it cannot obtain in personam jurisdiction over Speedy Web, as is required to proceed in rem under the ACPA.

The Court notes that the record reveals two problems with Plaintiff's case, either of which makes default judgment inappropriate.  First, as discussed, Plaintiff has not convinced the Court that in personam jurisdiction is unavailable.  Second,

4

Plaintiff neither published notice of the action nor explained why the Court should waive the requirement under subsection (bb).

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment is DENIED.  The Clerk's Entry of Default, Docket No. 25, is VACATED.  Plaintiff has sixty (60) days from the date of this Order to submit a statement to the Court explaining the status of the case.

IT IS SO ORDERED.

Dated: November 22, 2006

_____
UNITED STATES DISTRICT JUDGE

5